HEATHER E. WILLIAMS, #122664
Federal Defender
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700
Fax: 916-498-5710
Noa_oren@fd.org

Attorney for Defendant
JORDAN HUGHES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>JORDAN HUGHES<br><br>          Defendant. | Case No. 2:24-cr-229 DJC<br><br>**SENTENCING MEMORANDUM**<br><br>Date:  July 10, 2025<br>Time:  9:00 a.m.<br>Judge: Hon. Daniel J. Calabretta |

Jordan Hughes, through counsel, respectfully submits this sentencing memorandum for the Court's consideration prior to imposing sentence. Mr. Hughes requests that the Court impose a sentence of 28 years followed by the maximum term of supervised release. Such a sentence is reasonable and sufficient to meet the goals of sentencing under 18 U.S.C. § 3553(a), and effectively balances the need to address Mr. Hughes's unlawful conduct, while also acknowledging his youth, remorse, and speedy resolution of this case.

**LAW**

District courts have "wide discretion to decide whether [a defendant] should be incarcerated and for how long." *Beckles v. United States*, 137 S. Ct. 886, 893 (2017). Significantly, there is no presumption that the guideline calculation is reasonable. *Gall v. United States*, 552 U.S. 38, 50 (2007). Rather, the guidelines are one of "several factors" to be considered, but they "do not constrain [the district court's discretion.]" *Beckles*, 137 S. Ct. 893–

94 (citations omitted); *see also id.* at 896 (rejecting the government's argument that the guidelines are unlike "the other § 3553(a) factors"). Indeed, a sentencing court "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50; *see e.g.*, *Nelson v. United States*, 555 U.S. 350, 352 (2009).

The Supreme Court has ruled that individualized sentencing decisions must be grounded in the factors set forth at 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 245 (2005). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect the public, avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct, and provide restitution. 18 U.S.C. § 3553(a).

The overriding mandate of 18 U.S.C § 3553 is that the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in subparagraph (a)(2). 18 U.S.C. § 3553(a). The four purposes of sentencing as identified by the Supreme Court are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 131 S.Ct. 2382, 2387 (2011). Mr. Hughes respectfully requests the Court vary downward to 28 years based on his youth and remorse.

**ARGUMENT**

**1. A variance is warranted under 18 U.S.C. § 3553(a) because Mr. Hughes is 25 years old.**

A sentence of 28 years is very weighty punishment. Since Mr. Hughes is 25 years old now, a sentence of 28 years will mean that he spends more time in custody on this case than he has spent out of custody until now. There is a "growing recognition" that young adults may not gain "full reasoning skills and abilities until they reach age 25 on average." U.S. Sentencing Commission, *Youthful Offenders in the Federal System* (May 2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170525_youthful-offenders.pdf. In reaching this conclusion, the Commission reviewed "recent case law and neuroscience research[.]" *Id*. The Commission

explained that "the prefrontal cortex is not complete by the age of 18, which is the legal age of majority in most state jurisdictions and in the federal system." *Id.* at 7. Likewise, the Commission noted the consensus among experts that brain development continues into the 20s, with 25 being the average age at which full development has taken place. *Id.* At the time Mr. Hughes committed the offense, his brain was not fully developed. Moving forward, he is less likely to be impulsive and risk-seeking. In addition to the fact that this is a very severe sentence, it is not clear that an additional two years will serve any aims of punishment except for incapacitation, which can still be addressed in the future if the need arises, as Mr. Hughes will be on lifetime supervision.

### 2. A variance is warranted under 18 U.S.C. § 3553(a) because Mr. Hughes immediately admitted and apologized for his actions.

As noted in the PSR at par.11, Mr. Hughes called the parents of MV1 to confess his crimes without prompting after Mr. Hughes confessed his crimes to the authorities. This demonstrates sincere and genuine remorse. Mr. Hughes was under no obligation to admit this conduct to MV1's parents and he did it solely because he truly felt horrible about his conduct. Mr. Hughes has taken responsibility for his actions speedily and has resolved his case as quickly as he could. There is no fast-track program for these types of cases, but Mr. Hughes pleaded guilty quickly and has not wasted any court resources.

### CONCLUSION

Mr. Hughes requests this Court sentence him to 28 years custody followed by the maximum term of supervised release. Such a severe sentence is reasonable in light of his youth, genuine remorse, and quick acceptance of responsibility.

////

////

////

DATED: July 1, 2025            Respectfully submitted,

          HEATHER E. WILLIAMS
          Federal Defender

          */s/ Noa E. Oren*
          NOA E. OREN
          Assistant Federal Defender
          Attorney for JORDAN HUGHES